IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA HERNANDEZ, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| EAST PENN MANUFACTURING | : | |
| COMPANY, INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award for damages, liquidated damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Cynthia Hernandez (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, East Penn Manufacturing Company, Inc. (hereinafter, "East Penn"), who has been harmed by violations of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000(e), *et seq.*

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII, 42 U.S.C. § 2000(e), *et seq.*

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Berks County, Pennsylvania.

3. All conditions precedent to the institution of this suit have been fulfilled.

4. All conditions precedent to the institution of this suit have been fulfilled. On or about January 13, 2014, Plaintiff filed a Charge of Discrimination with the EEOC against East Penn alleging, *inter alia* gender and national origin-based employment

discrimination and retaliation. Plaintiff requested a Notice of Right to Sue from the Equal Employment Opportunity Commission on November 25, 2014, December 23, 2014, June 17, 2015, and February 25, 2016, all at least 180 days after of filing the Charge. To date, the EEOC has not issued a Notice of Right to Sue as is required as a matter of law.

## III. PARTIES

5. Plaintiff is a Hispanic-Latina female citizen and resident of the Commonwealth of Pennsylvania, residing at 1546 Spring Garden Street, Apartment 1546A, Easton, Pennsylvania. Plaintiff was employed by East Penn as a Battery Manufacturing Trainee from approximately August 29, 2011 through January 27, 2012 when she was laid-off. Plaintiff was then re-hired by East Penn on May 7, 2012 as a Cover Assembly employee and remained employed until April 25, 2013.

6. East Penn is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with registered offices and a principle place of business at 1 Deka Road, Lyon Station, Pennsylvania.

7. At all times relevant herein, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f), and is subject to the provisions of said Acts.

8. At all times relevant herein, East Penn was an "employer" and "person" as defined by Title VII, 42 U.S.C. § 2000e(b) and (a), and is subject to the provisions of said Acts.

9. At all times relevant hereto, East Penn acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

10. East Penn has, acting through its agents, servants and representatives, on more than one

occasion, met with Plaintiff, and has heard allegations from Plaintiff of gender and national origin-based discrimination and retaliation.

11. At all relevant times herein, East Penn knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same. At all times relevant hereto, East Penn was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of East Penn.

## IV. CAUSES OF ACTION

12. On or about August 29, 2011, Plaintiff was hired by East Penn as a Cover Assembly employee.

13. At all times material hereto, Plaintiff performed her job in a proper and competent manner, and had a good work record.

14. On or about March 30, 2013, Plaintiff discovered a co-worker, Tiffany Weber, was having an affair with another co-worker, Mark Buchhalter, and Weber was using Plaintiff's identity to conceal this affair. Specifically, Weber altered her phone settings so if Buchhalter would contact her, it would appear as though it was Plaintiff.

15. Immediately after learning of this, Plaintiff complained of Weber's conduct to her supervisors, Shawn Mickons and Willie Garcia, and reported she feared for her safety as Weber's husband, Kyle Weber, worked for East Penn.

16. Plaintiff advised her supervisors that her work environment was impacted and was hostile because of her exposure and unwilling involvement in the affair and due to her constant and ongoing fear of retaliation and/or violence from Kyle or Tiffany Weber.

17. Plaintiff further reported to East Penn's supervisor that as a female employee, she was

being used and mistreated in this way and that she asked this to stop. Plaintiff specifically stressed that as a woman, her co-workers' action offended her and made her uncomfortable; specifically, she had concerns that she may be suspected of being involved in any such affair or involved with the Webers in some inappropriate way and that Tiffany Weber was using her in this way because she needed a female for her cover up. Also, Plaintiff reported that she feared retaliation and/or violence from Kyle Weber, a male.

18. In response to this complaint, East Penn, through Mickons and Garcia, took remedial action and informed Plaintiff they would only take action if Kyle Weber confronted her in some way.

19. Plaintiff repeatedly reported her concerns to Mickons and that she felt she was being treated differently due to her gender and national origin but he continuously refused to take an action to protect Plaintiff because she is a Hispanic-Latina and a female.

20. Plaintiff also repeatedly reported her concerns and that she felt she was being treated differently due to her gender and national origin to Garcia and requested to be transferred so she would not be around Kyle or Tiffany Weber. Garcia continuously refused to take an action to protect Plaintiff because she is a Hispanic-Latina and a female.

21. In an attempt to avoid Kyle or Tiffany Weber and because East Penn would not take any action to protect Plaintiff due to her gender and national origin, Plaintiff applied for multiple truck driver positions with East Penn; even though she was extremely qualified and high recommended for the positions, she was not hired due to her gender and national origin and because she engaged in the protected conduct of

reporting the aforementioned disparate treatment.

22. Because East Penn refused to take remedial action, Ms. Weber became increasingly hostile to Plaintiff often staring at Plaintiff and giving her dirty looks.

23. Plaintiff eventually objected to this conduct of Ms. Weber by telling her to stop using her identity to conceal her affair.

24. Ms. Weber reported this to East Penn because Plaintiff's complaint contained a threat, claiming she was afraid of Plaintiff; East Penn then immediately terminated Plaintiff's employment on April 25, 2013 because of this.

25. East Penn's basis for termination was baseless, manufactured, and pretextual and demonstrated its discriminatory and retaliatory conduct. Specifically, Kyle Weber, a Caucasian male, and Tiffany Weber, a Caucasian female, were treated more favorably than Plaintiff as Plaintiff complained of their conduct and East Penn took no remedial action against them and terminated Plaintiff as soon as a complaint was made against her.

26. As a direct result of East Penn' conduct, Plaintiff has been irrevocably damaged.

27. As a direct result of East Penn' conduct, Plaintiff suffered and continues to suffer severe emotional, psychological and physical distress.

28. As a direct result of East Penn' conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

## COUNT I
## PLAINTIFF v. EAST PENN
## VIOLATION OF TITLE VII

29. Paragraphs 1 through 28, inclusive, are incorporated by reference as if fully set forth at length herein.

30. Based on the foregoing, East Penn has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which East Penn is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her expressed opposition to offensive gender and national origin related conduct in the work place, subjecting her to more onerous working conditions, and treating her in a disparate manner.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by East Penn in violation of Title VII, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. EAST PENN
## RETALIATION UNDER TITLE VII

32. Paragraphs 1 through 31, inclusive, are incorporated by reference as if fully set forth at length herein.

33. By the acts complained of, East Penn has retaliated against Plaintiff for exercising her rights under Title VII, which constitutes a violation of Title VII.

34. East Penn' foregoing continued adverse employment actions and violations, including retaliation against Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

35. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of East Penn's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. EAST PENN
## NEGLIGENCE UNDER TITLE VII

36. Paragraphs 1 through 35, inclusive, are incorporated by reference as if fully set forth at length herein.

37. East Penn was negligent in the following respects:

    a. Failing to implement an effective, well-known and uniformly enforced policy against gender and national origin-based harassment, gender and national origin-based discrimination, and retaliation;

    b. Failing to properly investigate Plaintiff's complaints of gender and national origin-based harassment, gender and national origin-based discrimination, and retaliation;

    c. Failing to take any action reasonably calculated to remedy Plaintiff's complaints of gender and national origin-based harassment, gender and national origin-based discrimination, and retaliation;

    d. Failing to impose any discipline upon their employees who had engaged in gender and national origin-based harassment, gender and national origin-based discrimination, and retaliation;

    e. Failing to take reasonable actions to discover illegal gender and national origin-based harassment, gender and national origin-based discrimination, and retaliation by their employees; and

f.  Failing to take reasonable actions to prevent illegal gender and national origin-based harassment, gender and national origin-based discrimination, and retaliation from taking place.

38. East Penn owed Plaintiff a duty in all of the respects set forth in Paragraph 37, but failed to perform each of those duties as set forth above.

39. As a direct, reasonable and foreseeable result of the negligence of East Penn, Plaintiff suffered the injuries and damages set forth above.

### STATEMENT OF FACTS JUSTIFYING
### THE IMPOSITION OF PUNITIVE/LIQUIDATED DAMAGES

40. Paragraphs 1 through 39, inclusive, are incorporated by reference as if fully set forth at length herein.

41. At all times relevant hereto, East Penn knew or should have known of the pattern of conduct in which its agents, servants and representatives had engaged.

42. At all times relevant hereto, East Penn knew or should have known that the aforesaid pattern of conduct was in violation of the law.

43. Despite such knowledge, East Penn failed to adequately investigate, discipline or discharge its agents, servants and representatives who created a hostile work environment, discriminated against Plaintiff because of her gender and national origin and subjected Plaintiff to disparate treatment.

44. East Penn failed and refused to properly protect and support Plaintiff and in fact subject or permitted her to be subjected to retaliation and discrimination.

45. At all times relevant hereto, East Penn acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well-being of Plaintiff and other employees similarly situated.

## V. **PRAYER FOR RELIEF**

46. Plaintiff repeats the allegations of paragraphs 1 through 45 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against East Penn and request that this Court:

      a. Exercise jurisdiction over her claims;

      b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, and punitive/liquidated damages as may be available under law;

      c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

      d. Order East Penn compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

      e. Order East Penn to compensate Plaintiff with an award of front pay, if appropriate;

      f. Order East Penn to compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

      g. Order East Penn to pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order East Penn to pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. Award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: _____

GEORGE S. KOUNOUPIS, ESQUIRE
MICHAEL E. ALPAGO, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Dated:  June 10, 2016